# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

|  |  |
|---|---|
| RAFAEL HERNANDEZ, | |
| Petitioner, | Case No. 13-CV-515-JPS |
| v. | |
| JIM SCHWOCHERT, | ORDER |
| Respondent. | |

On May 8, 2013, petitioner Rafael Hernandez ("Hernandez") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket #1). Hernandez's petition stated four grounds for relief. On May 29, 2013, this court issued an order directing the petitioner to file a new petition to clarify his third claim for relief. (Docket #3). On July 1, 2013, Hernandez filed an amended petition. (Docket #5). The court screened the amended petition pursuant to Rule 4 of the Rules Governing Section 2254, and permitted Hernandez to proceed on three claims of relief. (Docket #6). The matter comes before the court for adjudication of the petition on the merits.[1] After careful consideration, the court concludes that Hernandez is not entitled to relief and, therefore, will deny his petition.

---

[1] Petitioner has also filed a motion for *in camera* inspection of pupil records, pursuant to Wis. Stat. 118.125(2)(f). (Docket #14). The court denies this motion because the information petitioner seeks to establish via the inspection is irrelevant to the court's analysis of his habeas corpus petition. *See, infra,* section 3.2.

1. Facts

    1.1 Trial Court Proceedings[2]

Hernandez was charged with two counts of repeated sexual assault of two children. The matter proceeded to jury trial. One child victim, identified by the initials R.C., testified at trial that Hernandez sexually assaulted her on numerous occasions beginning in 2003 when she was nine years old. She specifically described separate incidents in which Hernandez penetrated her vagina with his fingers, placed her hand on his penis, put his penis in her mouth, and penetrated her anus with his penis. A second child victim also testified. Both of the victims corroborated some instances of inappropriate sexual behavior involving the other girl. The jury convicted Hernandez of repeated sexual assault of R.C. and acquitted him of assault of the second victim. The court imposed a sentence of eleven years' initial confinement and ten years' extended supervision.

    1.2 Appellate Court Proceedings

Counsel for Hernandez filed a no-merit report in the Wisconsin Court of Appeals. (Docket #11-2). Hernandez filed a response raising several additional issues. (Docket #11-3). The Court of Appeals conducted an independent review pursuant to *Anders v. California*, 386 U.S. 738 (1967), and affirmed the conviction. Hernandez then filed a *pro se* petition for review in the Wisconsin Supreme Court. (Docket #11-5). The six-page petition proceeds primarily as narrative. The state filed a letter to the Court stating that it opposes Hernandez's petition, but that it will only file a formal written response if ordered by the court because the petition does not meet standards

---

[2]This section relays facts, some verbatim, from the Wisconsin Court of Appeals' unpublished decision affirming the conviction, filed November 15, 2011, and appended to the Answer filed in this case. (Docket #11-4).

of proper briefing. The Wisconsin Supreme Court denied review on April 23, 2012.

This federal habeas corpus petition followed.

2. Legal Standards Governing Federal Habeas Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, governs the grant of a writ of habeas corpus. Under § 2254(d), if a constitutional claim was adjudicated on the merits by the state courts, a federal court may only grant habeas relief based on that claim if the state court's decision is "contrary to" or "an unreasonable application of" clearly established federal law as determined by the U.S. Supreme Court, or if the state court's determination of the facts was unreasonable in light of the evidence presented.

The Seventh Circuit has explained the applicable legal standards under the AEDPA as follows:

> [A] state court decision is contrary to federal law if the state court either incorrectly laid out governing Supreme Court precedent, or, having identified the correct rule of law, decided a case differently than a materially factually indistinguishable Supreme Court case. *Conner v. McBride*, 375 F.3d 643, 649 (7th Cir. 2004), cert. denied, --- U.S. ---, 125 S.Ct. 1399, 161 L.Ed.2d 193 (2005). An unreasonable application of Supreme Court precedent occurs when the state court identifies the correct governing legal rule…but unreasonably applies it to the facts of the particular state prisoner's case or if the state court either unreasonably extends a legal principle from [the Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply. *Dixon v. Snyder*, 266 F.3d 693, 700 (7th Cir. 2001) (*quoting Williams v. Taylor*, 529 U.S. 362, 405, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000)). Clearly established Supreme Court precedent is the holdings, as opposed to the dicta, of the [Supreme] Court's decisions as of the time of the relevant

state-court decision. *Lockyer v. Andrade*, 538 U.S. 63, 71, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003).

*Muth v. Frank*, 412 F.3d 808, 813-14 (7th Cir. 2005) (quotation marks omitted).

3. Hernandez's Claims

Hernandez's amended petition raises three claims: (1) the evidence was insufficient to sustain the verdict; (2) trial counsel was ineffective for failing to request a physical examination of the victim; and (3) the jury's verdict was inconsistent. The court now considers each claim in turn.

> 3.1 Hernandez's Claim Alleging an Inconsistent Verdict Does Not Present a Cognizable Ground for Relief.

The court first considers the third claim offered by Hernandez that the jury's verdict was inconsistent. Hernandez argues that his verdict is inconsistent because the jury found that he sexually assaulted one of the victims who testified at trial, but acquitted him of charges that he sexually assaulted the second victim. This does not state a claim cognizable in a federal habeas corpus proceeding. As the Seventh Circuit explained:

> Inconsistent verdicts in a criminal case are not a basis for reversal of a conviction or the granting of a new trial. *United States v. Powell*, 469 U.S. 57, 105 S.Ct. 471, 83 L.Ed.2d 461 (1984); *United States v. Muthana*, 60 F.3d 1217, 1223 (7th Cir. 1995); *United States v. Grier*, 866 F.2d 908, 928 (7th Cir. 1989); *United States v. Sims*, 144 F.3d 1082, 1084 (7th Cir. 1998); *United States v. Castillo*, 148 F.3d 770, 774 (7th Cir. 1998). "When a jury returns inconsistent verdicts…it may do so for reasons other than a determination of innocence, such as mistake, compromise, or lenity," *United States v. Nobles*, 69 F.3d 172, 189 (7th Cir. 1995), and "a criminal defendant already is afforded protection against jury irrationality or error by the independent review of the sufficiency of the evidence undertaken by the trial and appellate courts." *Powell*, 469 U.S. at 66-67, 105 S.Ct. 471.

*United States v. Reyes*, 270 F.3d 1159, 1168 (7th Cir. 2001). Because Hernandez's claim is not cognizable in a federal habeas corpus petition, the court can only dismiss this claim. *See Perruquet v. Briley*, 390 F.3d 505, 511 (7th Cir. 2004) ("To say that a petitioner's claim is not cognizable on federal habeas review is thus another way of saying that his claim 'presents no federal issue at all.'").

    3.2    The Evidence Offered at Trial was Sufficient to Support the Jury's Guilty Verdict.

Hernandez claims that the evidence at trial was insufficient to support the jury's guilty verdict. In reviewing a claim of insufficiency of evidence on federal habeas review, a court must view all the evidence offered at trial in the light most favorable to the state and determine whether any rational trial of fact could have found all of the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979). Wisconsin case law contains the same standard. *See State v. Poellinger,* 153 Wis. 2d 493, 507, 451 N.W. 2d 752, 757-58 (1990).

In the no-merit report filed with the Wisconsin Court of Appeals, counsel for Hernandez argued that the evidence was sufficient. (Docket #11-2). As the report states:

> R.C. made an in-court identification of Hernandez. She testified that in 2003 she was nine years old…. She recalled that when she was nine or ten years old at the Grant Street address she was sitting on a sofa next to Hernandez, not by choice, and he played pornography and held her with his arm while he masturbated.
>
> R.C. described another occasion when she was about nine or ten at the Grant Street address when she was laying on the floor watching TV when Hernandez laid next to her, pulled her shorts and underwear down and stuck his fingers in her vagina. She testified that between the ages of nine and eleven

> there were plenty of times Hernandez did inappropriate sexual things with her that totaled more than ten.
>
> She described another incident that occurred at the house on 24th Street in 2006. At that time, Hernandez pulled up his shorts and placed her hand on his penis and made it go up and down.
>
> She described another incident on Grant Street where Hernandez pulled her pants down and put his penis in her butt. She also related an incident in the attic on Grant Street where Hernandez put his penis in her mouth. She also described another incident on 24th Street where Hernandez put his penis in her mouth.

No-merit Brief at 8-9 (trial record citations omitted). As the Brief relays, Wisconsin Statute § 948.025, prohibiting engaging in repeated acts of sexual assault of the same child, states that: "(1) Whoever commits 3 or more violations under s. 948.02(1) or (2) within a specified period of time involving the same child is guilty of a Class B felony."

In its *Anders* review, the Wisconsin Court of Appeals cited the *Poellinger* standard, summarized R.C.'s testimony, and concluded that "[a]s the arbiter of the witnesses' credibility, the jury had the right to believe the victim's testimony which established all of the elements of repeated sexual assault of the same child." This court concludes that the Court of Appeals' analysis was neither contrary to, nor an unreasonable application of federal authority. As stated above, the Wisconsin state standard articulated in *Poellinger* is the same as the federal standard articulated in *Jackson*. The court agrees with the Wisconsin Court of Appeals that a rational jury could find Hernandez guilty based upon the evidence adduced at trial, when viewed in the light most favorable to the state. Accordingly, the court will not grant Hernandez relief on this claim.

### 3.3 Hernandez's Trial Counsel Was Not Ineffective.

Hernandez also claims that his trial counsel was ineffective for failing to request a physical examination of the two victims to determine whether they were virgins. The well-known standard for ineffective assistance of counsel, articulated by the United States Supreme Court in *Strickland v. Washington*, require a defendant to show both that specific acts or omissions of trial counsel were outside "the wide range of reasonable professional assistance," and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 689, 694 (1984).

In its *Anders* review, the Wisconsin Court of Appeals held that trial counsel's failure to request a physical examination did not constitute ineffective performance because it would have, at best, resulted in inadmissible evidence. As the Court explained, "The law does not allow the defense to compel a sexual assault victim to undergo an intrusive physical examination for the purpose of searching for evidence to contradict the victim's testimony. 'Section 972.11(2)(b), Stats., prohibits the admission of any evidence related to the victim's prior sexual conduct – including the absence of sexual activity.' *Michael R.B. v. State*, 175 Wis. 2d 713, 728, 499 N.W. 2d 641 (1993)."

The question before this court on habeas review is whether the Wisconsin Court of Appeals adjudicated Hernandez's claim in a way that was contrary to or an unreasonable application of the law as articulated in *Strickland*. The court must answer the question in the negative. Hernandez claims that counsel was ineffective for failing to order an examination; however, under Wisconsin law, the results of the examination would not have been admissible at trial. The Court of Appeals properly concluded that

the failure to order this examination was not outside "the wide range of reasonable professional assistance." Accordingly, the court must find that Hernandez is not entitled to relief on this claim.

For all of the above-stated reasons, the court finds that Hernandez is not entitled to the relief he seeks. Accordingly, his petition for writ of habeas corpus will be denied.

4.  Certificate of Appealability

Under Rule 11(a) of the Rules Governing Section 2254 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), the applicant must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). While Rule 11(a) permits a district court to direct the parties to submit arguments on whether a certificate of appealability should issue, additional argument is not necessary here. Given the record before the court, no reasonable jurist would find it debatable whether this court was correct in its ruling on the present matter. As a consequence, the court must deny a certificate of appealability as to this petition.

Accordingly,

IT IS ORDERED that petitioner's motion for *in camera* inspection of pupil records (Docket #14) be and the same is hereby DENIED;

IT IS FURTHER ORDERED that petitioner's amended petition for writ of habeas corpus (Docket #5) be and the same is hereby DENIED;

IT IS FURTHER ORDERED that a certificate of appealability as to the petition be and the same is hereby DENIED; and

IT IS FURTHER ORDERED that this case be and the same is hereby DISMISSED.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 19th day of August, 2014.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge